UNITED STATES DISCTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM B. CLARK<br>    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| MATTHEW DJUKIC, Town of | ) | |
| Schererville Police Officer; | ) | |
| DAMIAN MURKS, Town of | ) | |
| Schererville Police Officer; | ) | |
| FRANCISCAN ALLIANCE, INC., | ) | |
| d/b/a St. Margaret Mercy Hospital; | ) | |
| and TOWN OF SCHERERVILLE, IN. | ) | |
|     Defendants. | ) | |
| | ) | |

COMES NOW, Plaintiff William D. Clark, by counsel Patrick B. McEuen of McEUEN

LAW OFFICE, and for his cause of action,  complains and alleges against Defendants as

follows:

## PRELIMINARY STATEMENT

This complaint includes a state law claim for assault, negligence and invasion of privacy

against FRANCISCAN ALLIANCE, INC., as well as a civil rights action against the remaining

defendants, by which Plaintiff William D. Clark seeks relief for violation of certain rights

guaranteed by the United States Constitution (specifically the Fourth and Fourteenth

Amendments), which rights are further secured by the Civil Rights Act of 1871, 42 U.S.C. §1983

and §1988, and by the Constitution and the laws of the State of Indiana.  Plaintiff seeks damages

(compensatory and punitive), affirmative and equitable relief, an award of attorney's fees, costs,

and interest, and further relief as this Court deems just and equitable.  This is an action at law to

redress a deprivation under color of statute, ordinance, regulation, custom, or usage of Plaintiff's

right, privilege, and immunity secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, and which arises under the Constitution and laws of the State of Indiana.

## JURISDICTION AND VENUE

1.     This action arises under the Indiana Constitution, the United States Constitution and applicable federal law; more particularly, under the provisions of Article 1, Sections 11 and 15 of the Indiana Constitution and under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983 and §1988.

2.     This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

3.     The claims made in this Complaint occurred and arose in the State of Indiana, in this District.  Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

4.     Plaintiff seeks damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

5.     This Court has authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988.

6.     This Court also has jurisdiction over any pendent state claims Plaintiff may wish to bring, or has brought, pursuant to 28 U.S.C. §1367.

## PARTIES

7.     Plaintiff, William B. Clark ("Plaintiff"), is a citizen of the United States of America; and a resident of the State of Indiana.

8.   At the time the acts occurred, upon which this Complaint is based, Plaintiff was residing in Schererville, Indiana.

9.   Defendant, Matthew Djukic ("Officer Djukic") at all times relevant herein, was a Police Officer employed by the Town of Schererville, Indiana.

10.   Defendant, Damian Murks ("Officer Murks") at all times relevant herein, was a Police Officer employed by the Town of Schererville, Indiana.

11.   Officer Murks and Officer Djukic are collectively referred to herein as "the Defendant Police Officers."

12.   This action is brought against each of these officers in their individual and official capacities.

13.   The Defendant Police Officers' authority to act derives from the Indiana State law and/or the commands and directives of their superiors.

14.   All of the acts of the Defendant Police Officers, hospital staff, and entities listed herein were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Town of Schererville and each said individual or entity is liable pursuant to 42 U.S.C. §1983.

15.   When the facts upon which is Complaint is based occurred, the Defendant Police Officers were acting in their official capacity for, and in behalf of, the Town of Schererville.

16.   Defendant, Town of Schererville, is a municipal corporation domiciled within and owing its existence to the laws of the State of Indiana.

17.   Franciscan Alliance, Inc., doing business as or operating St. Margaret Mercy Hospital, is an Indiana state corporation, and the hospital is located in Lake County, State of Indiana.

## STATEMENT OF FACTS

18.    Plaintiff has pendent state claims present in the Complaint.

19.    Plaintiff served a Notice of Tort Claim required by Indiana law on November 14, 2012, by serving the Schererville Town Council, the Police Chief of the Town of Schererville, and the Indiana Political Subdivision – Risk Management Commission with a notice compliant with I.C. 34-13-3-1 et. seq.

20.    All events relevant to this action occurred within Lake County, State of Indiana.

21.    On or about the evening of May 20, 2012, Plaintiff was driving a vehicle eastbound on U.S. 30 near the intersection of S.R. 41, in Schererville, Indiana.

22.    In addition to Plaintiff, there was one other occupant in the vehicle, identified as Alyssa Madson.

23.    On the day in question, Plaintiff drove the Vehicle to pick up another friend who had called Plaintiff requesting a ride home from another location.

24.    At approximately 11:00 PM., Officer Djukic of the Schererville Police Department allegedly observed the vehicle driving erratically.

25.    Officer Djukic initiated a traffic stop and began interrogating Plaintiff and seeking information and identification.

26.    Officer Murks also responded to the scene; each arriving separately, and in their own police vehicles.

27.    Officer Djukic claims he immediately detected the "moderate" odor of alcohol in the Plaintiff's Vehicle.

28.    Officer Djukic then asked the Plaintiff to submit to Field Sobriety Tests, and, thereafter, a Portable Breathalyzer Test.

29.     The Defendant Police Officers then proceeded to conduct a K-9 search of the passenger compartment of the vehicle using Djukic's canine, Baron, to conduct an interior sniff of the vehicle.

30.     Although an exterior search of the vehicle by the K-9 was permissible, Officer Djukic's efforts to place the K-9 unit within the vehicle constituted an illegal search of the vehicle.

31.     Officer Djukic falsely claims that Plaintiff's results on the Portable Breathalyzer test exceeded the legal limit of 0.08, saying in his report that "Clark registered a .11".

32.     Upon information and belief, Plaintiff asserts that no proof exists that his Portable Breathalyzer test was .11, and that such proof, if in fact it did ever exist, would preclude any need for further searches and seizures of Plaintiff's person and bodily fluids, including his urine and blood.

33.     Plaintiff filed a Motion for Discovery in 2012, and the Town failed to provide proof that the Portable Breathalyzer Test was in fact .11.

34.     After detaining the Plaintiff for approximately 30-45 minutes, the Defendant Police Officers then transported Plaintiff to St. Margaret Mercy Hospital in Officer Djukic's squad car.

35.     The Plaintiff submitted to a blood draw at St. Margaret Mercy Hospital while in the custody of Djukic and Murks, and Plaintiff's BAC was found to be 0.073 by blood screen, below the legal limit to operate a motor vehicle, 0.08.

36.     Following the collection of Plaintiff's blood, Officer Djukic or Murks instructed Plaintiff to provide a urine sample.

37.     After allowing the Plaintiff to drink a cup of water for several minutes, to provide a "voluntary" urine sample to the Defendant Police Officers, Officer Djukic became impatient with Plaintiff's inability to urinate.

38.     Upon Plaintiff's request for a second glass of water, the Defendant Police Officers undertook an effort to forcibly obtain Plaintiff's urine, without consent or a search warrant.

39.     Officer Djukic physically restrained Plaintiff on a bed while nursing personnel at St. Margaret Mercy Hospital inserted a Foley catheter into Plaintiff's penis to extract Plaintiff's urine.

40.     At approximately 1:00 AM, upwards of two hours after Plaintiff's initial contact with the Defendant Police Officers, Officer Djukic and St. Margaret Mercy Hospital staff, without Plaintiff's consent or a "bodily fluids" search warrant, forcibly extracted Plaintiff's urine.

41.     Plaintiff was transported to the Franciscan Alliance, Inc.'s "St. Margaret Mercy Hospital" ("the Hospital") for the purpose of providing his "bodily fluids" pursuant to Indiana's Implied Consent laws.

42.     Plaintiff was unable to urinate with the time allotted by Officer Djukic.

43.     Plaintiff was unable to urinate because of Officer Djukic's and/or Officer Murks' actions, in that they were causing him to feel uncomfortable and nervous.

44.     Officer Djukic and/or Officer Murks, working with hospital personnel and restraining Plaintiff, the nurse employed by Franciscan Alliance, Inc. physically removed Plaintiff's belt, unbuttoned his pants, unzipped his zipper, pulled down his pants and underwear, and exposed Plaintiff's penis

45.     The nurse then forcibly inserted a catheter into Plaintiff's penis.

6

46.     Plaintiff loudly moaned in pain as the catheterization process began.

47.     The contents of Plaintiff's bladder were then emptied into a cup.

48.     These actions were painful, degrading and humiliating, done against Plaintiff's will, and without a proper warrant, irrespective of any alleged probable cause.

49.     After the Plaintiff's forced extraction, Officer Djukic or Officer Murks handcuffed Plaintiff, returned Plaintiff to a police vehicle, and transported Plaintiff to Lake County Jail.

50.     Plaintiff was booked into jail on a charge of Operating While Intoxicated and four (4) related citations including speeding, following to closely, failing to signal a turn, and an open container violation.

51.     Officer Djukic's official police report fails to note that Plaintiff was forcibly catheterized to collect a urine sample.

52.     Plaintiff requested a copy of his medical records from the night of May 19, 2012, from Franciscan Alliance, Inc.

53.     Franciscan Alliance, Inc. has no record of Plaintiff's consent to the placement of a catheter into his penis and bladder for testing his urine for a controlled substance.

## 42 U.S.C. §1983

54.     Section 42 U.S.C. §1983 provides in pertinent part as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, and citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

### 42 U.S.C. §1988

55.      Section 42 U.S.C. §1988(b) provides in pertinent part as follows: "In any action

or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of

this title, title IX of Public Law 92-318 (20 U.S.C. 1681 et seq.), the Religious Freedom

Restoration Act of 1993 (42 U.S.C. 2000bb et seq.), title VI of the Civil Rights Act of 1964 (42

U.S.C. 2000d et seq.), or section 13981 of this title, the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fees as part of the costs..."

### FIRST CAUSE OF ACTION

56.      The allegations contained in the above paragraphs are incorporated herein by

reference.

57.      The Defendant Police Officers, acting under color of law and pursuant to their

authority as police officers, seized and searched Plaintiff's person and effects without his

permission or a properly obtained "bodily fluids" warrant, and without exigent circumstances.

58.      Specifically, the above captioned Defendants violated Plaintiff's Constitutional

rights to be secure in his person and effects as follows:

a.      Officer Djukic's act of placing the K-9 unit into the interior of the vehicle

constitutes an unnecessary intrusion and a redundant exercise at the expense of the

Plaintiff. The reason K-9 units are used in exterior sniffs is because they are non-

intrusive in nature and take merely seconds to conduct. A Plaintiff does not have a

reasonable expectation of privacy in the odor emanating from his property, but he does

have a reasonable expectation of privacy of the interior portion of his vehicle. Unless

permission is granted, or probable cause is obtained, a K-9 unit cannot enter the interior

of a vehicle without a warrant. Plaintiff, despite Officer Djukic's claims, did not consent.

8

b.     The "bodily fluids" obtained by the Defendant Police Officers were collected without a warrant, and by forcibly inserting a catheter into Plaintiff's penis.

c.     The Defendant Police Officers caused a urine specimen to be extracted from Plaintiff against Plaintiff's will and without permission, and without obtaining a proper search warrant.

59.     The actions of the Defendant Police Officers caused Plaintiff to suffer grievous bodily degradation, humiliation and pain, and deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures, in violation of the Bill of Rights of Indiana's Constitution and the Fourth and Fourteenth Amendments of the U.S. Constitution.

60.     The Defendant Police Officers knew that their actions violated Plaintiff's right to be free from unlawful searches and seizures, but still proceeded to violate his rights anyway.

61.     As a direct and proximate result of the malicious and outrageous conduct of the above captioned Defendants, Plaintiff has suffered significant injuries and damages including, but not limited to, severe physical, mental and emotional anguish.

62.     The multiple and egregious violations of Plaintiff's right are actionable under 42 U.S.C. §1983, and he is entitled to judgment against the above captioned Defendants, jointly and severally, for damages in an amount to be established at trial.

63.     Plaintiff is entitled to attorney's fees and costs against the above captioned Defendants, jointly and severally, under 42 U.S.C. §1988.

64.     Further, the acts of the above captioned Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

*(Use of Excessive Force – Violation of the Fourth Amendment*
*Cognizable Under 42 U.S.C. §1983)*

65.     The allegations contained in the above paragraphs are incorporated herein by reference.

66.     Courts analyze Fourth Amendment excessive force claims under the framework established by the Supreme Court in *Graham v. Connor,* 490 U.S.C. 389 (1989).  The basic test under Graham is one of objective reasonableness.  This requires courts to balance "the nature and quality" of the intrusion on the "individual's Fourth Amendment interests" against the "countervailing governmental interests at stake."  In order for an officer's conduct to amount to excessive force, the conduct must be reckless as opposed to merely negligent.  The Plaintiff asserts the Defendant Police Officers were reckless in this case based on the following information:

a.     The Defendant Police Officers had already obtained both a portable breath sample and a voluntary blood sample from Plaintiff.

b.     Despite a lack of need for additional bodily fluids, Plaintiff was forcibly catheterized after asking for additional water and time to submit a voluntary urine sample.

c.     Officer Djukic made subsequent material misrepresentations in his report in an effort to cover up the "bodily fluids" collection by forcible catheterization.

d.     Additionally, after Plaintiff could not comply by voluntarily providing a urine sample at the Hospital, the Defendant Police Officers immediately restrained him on a bed and resorted to forced catheterization at the Hospital in an effort to obtain Plaintiff's "bodily fluids".

e.      Additionally and very concerning to Plaintiff is that the Hospital does not have

record of Plaintiff's consent to this procedure being administered on Plaintiff, nor is there

any information that the "nurse" who administered the procedure noted the Defendant

Police Officers forcibly restrained Plaintiff.  It is unknown whether this "nurse" noted the

restraint, or if she objected to conduct this type for the procedure.

67.     The Tenth Circuit Court of Appeals has held, "we consider the forceful use of the

catheter to obtain bodily fluid to be a *gross personal indignity." Yanex v. Romero,* 619 F.2d 851,

854 (10th Cir. 1980) emphasis added); and the Seventh Circuit Court of Appeals has only

affirmed warrantless forced catheterization to assure a detainee's well-being, but not to compile

evidence.  *Sullivan v. Bornemann*, 384 F.3d 372 (7th Cir. 2004).

68.     The Defendant Police Officers' submission of inaccurate, incomplete and

misleading reports, and failing to obtain a bodily fluids search warrant, yet insistence upon

obtaining a urine sample from Plaintiff by forced catheterization was patently unreasonable.

69.     The violation of Plaintiff's rights is actionable under 42 U.S.C. §1983, and he is

entitled to judgment against the above captioned Defendants, jointly and severally, under that

section for damages in an amount to be established at trial, plus costs and attorney's fees

pursuant to 42 U.S.C. §1988.  The actions of the above captioned Defendants as set forth above

were intentional, wanton, malicious, and/or oppressive, thus entitling Plaintiff to an award of

punitive damages.

### THIRD CAUSE OF ACTION
*(Failure to Intervene – Violation of the Fourth Amendment*
*Cognizable Under 42 U.S.C. §1983)*

70.     The allegations contained in the above paragraphs are incorporated herein by reference.

71.     Plaintiff has a right under the Fourth Amendment of the United States Constitution to be free from the use of inappropriate force by agents of the State, and particularly by the police.

72.     Officers who witness a violation of these rights are obligated to intervene to prevent the violation.

73.     Officer Murks was present at the Hospital when the incident herein described, and either used inappropriate force against Plaintiff, or failed to take reasonable steps to protect Plaintiff from being subjected to the use of inappropriate force.

74.     The actions of each of the individual above captioned Defendants, as described herein, violated Fourth Amendment rights and duties the above captioned Defendants owed to Plaintiff.

75.     As a direct and proximate result of the above captioned Defendants' violation of Plaintiff's rights, and the duties they owed to Plaintiff, Plaintiff was injured as set forth herein, and is thus entitled to compensatory and punitive damages, attorney's fees, court costs, and all other relief deemed appropriate by the Court.

## FOURTH CAUSE OF ACTION
*(Failure to Train and Supervise –*
*Cognizable Under 42 U.S.C. §1983)*

76. The allegations contained in the above paragraphs are incorporated herein by reference.

77. Defendants Town of Schererville, The Schererville Police Department, are each considered a "person" for purposes of an action brought pursuant to 42 U.S.C. §1983.

78. The Town of Schererville may therefore be sued directly for the actions of the Schererville Police Department and its officers acting under the color of their authority, as well as for its own actions, for monetary, declaratory, or injunctive relief for its unconstitutional policies, customs, supervision, or practices that violated Plaintiff's constitutionally protected rights.

79. A 42 U.S.C. §1983 claim may be asserted against a county or city based upon allegations of negligence in hiring, training, and/or supervising its employees.

80. At all times relevant to this Complaint, the Defendant police officers, as employees of the Town of Schererville and/or the Schererville Police Department respectively, were acting under the direction and control of the Town or Police Department, which municipalities in turn acted through, and were responsible for, the Defendant police officers.

81. The Town of Schererville and/or the Schererville Police Department failed to adequately train, educate and supervise employees such as the Defendant police officers with respect to appropriate search and seizure processes and appropriate use of force, thereby creating an atmosphere that fomented illegal and unconstitutional behavior such as the behavior outlined

herein, in reckless disregard for the welfare of the public at large, and in this instance, specifically for Plaintiff.

82.    Upon information and belief, the Town and/or the Police Department have failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including but not limited to complaints regarding *the inappropriate forced use of a catheter*, thereby creating a policy, custom, practice, or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, in deliberate indifference and reckless disregard for the rights of the public at large, and in this instance, specifically for the Plaintiff.

83.    The violation of Plaintiff's rights is actionable under 42 U.S.C. §1983, and Plaintiff is entitled to judgment against the Town of Schererville and/or the Schererville Police Department in an amount to be established at trial, including costs and attorney's fees pursuant to 42 U.S.C. §1988, for the actions taken by the Defendant police officers for whom each municipality is responsible.

## FIFTH CAUSE OF ACTION
*(Violation of Procedural Due Process)*

84.    The allegations contained in the above paragraphs are incorporated herein by reference.

85.    To violate a person's right to procedural due process, the Plaintiff must show that the Plaintiff's constitutionally protected right to life, liberty, or property have been taken without due process of law.

86.    Plaintiff's constitutionally protected rights were taken during the course of the events outlined herein.

14

87.     Plaintiff was taken to Franciscan Alliance, Inc.'s hospital where Plaintiff was forcibly catheterized.

88.     Plaintiff's urine was forcibly taken.

89.     The use of force to take Plaintiff's urine was baseless, illegal and not justified.

### SIXTH CAUSE OF ACTION
*(Assault and Battery – Failure to Train)*

90.     The allegations contained in the above paragraphs are incorporated herein by reference.

91.     Plaintiff was admitted to Franciscan Alliance Inc.'s St. Margaret Mercy Hospital for the purpose of voluntarily submitting bodily fluids not being forcibly catheterized.

92.     Plaintiff's admission to the hospital was pursuant to the order and authority of Officer Djukic.

93.     Plaintiff was forcibly catheterized while in the hospital, by an employee or agent of Franciscan Alliance, Inc.

94.     Plaintiff was informed that no records of Plaintiff ever having consented to the catheterization procedure during the relevant time period.

95.     In addition to Defendant Police Officer's conduct, Plaintiff's injuries are also a direct result of Franciscan Alliance's employee's or agent's physical assault and/or Franciscan Alliance's negligent failure to properly record his consent, document the forced nature of the procedure, and to refuse participation in the assault.

96.     Plaintiff is entitled to damages as a result of the humiliation, pain, injuries and suffering he endured at the hands of the hospital's agent or employee; and for its complete failure to follow the established policies and procedures associated with the admission, procedure, and analysis that was conducted.

97.     Defendant Hospital, by and through its agent or employee, has touched Plaintiff in a rude and insolent manner, and should answer in damages for forcing Plaintiff to undergo a medical procedure without consent.

## JURY DEMAND

Plaintiff hereby makes a formal request that a jury be impaneled to receive the facts of this matter, that the Jury be instructed regarding the applicable law, and that Plaintiff be allowed ot present his causes of action to his peers for legal determination.

## PRAYER

**WHEREFORE,** Plaintiff prays judgment be entered against Defendants as follows:

1.  For judgment against Defendants in an amount to be proven at trial.

2.  Plaintiff's damages will include, but are not limited to:

    a.  All General damages in an amount of not less than five million dollars ($5,000,000.00);

    b.  Special damages in an amount not less than one million dollars ($1,000,000.00);

    c.  Compensatory damages in an amount not less than five million dollars ($5,000,000.00);

    d.  Punitive damages at not less than a three times (3x) all other damages awarded;

    e.  And such other appropriate damages including;

    f.  An award of all attorney's fees and costs of court.

3.  For all other damages as deemed equitable and just by the Court.

DATED AND SIGNED this _9th_ day of _May_, 2014.

/s/ Patrick B. McEuen
Patrick B. McEuen, Attorney # 17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
219-762-7738
219-762-7739 (Fax)

**Plaintiff's address**
William D. Clark
8608 Cline Avenue
Crown Point, Indiana 46307

## VERIFICATION

STATE OF INDIANA )
) SS:
COUNTY OF ~~PORTER~~ )
LAKE

On this the _6_ day of _May_, 2014, WILLIAM B. CLARK, being first duly sworn by oath, deposes and states that he is the Plaintiff in the above captioned matter, that he has read the foregoing VERIFIED COMPLAINT and knows and understand the contents thereof, and attachments thereto, if any, and that the same is true to the best of his knowledge and belief

William B. Clark
William B. Clark

SUBSCRIBED AND SWORN before me this _6th_ day of _May_, 2014.

My commission expires: _10-25-17_

Notary Public _____

Resident, ~~Porter County, Indiana~~
Lake County. In

SUSAN J. BELICEK
Notary Public, State of Indiana
Lake County
My Commission Expires
October 25, 2017

17