# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| WILLIAM B. CLARK ,        ) | |
|     Plaintiff,        ) | |
|        ) | |
| v.        ) | |
|        ) | |
|        ) | Case No. 2:14-cv-00160-JTM-PRC |
| MATHEW DJUKIC, Town of        ) | |
| Schererville Police Officer;        ) | |
| DAMIAN MURKS, Town of        ) | |
| Schererville Police Officer;        ) | |
| FRANCISCAN ALLIANCE, INC.,        ) | |
| d/b/a St. Margaret Mercy Hospital;        ) | |
| and TOWN OF SCHERERVILLE, IN.        ) | |
|     Defendants.        ) | |

## DEFENDANT ST. MARGARET'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant Franciscan Alliance, Inc., d/b/a St. Margaret Mercy Hospital[1] ("St.

Margaret"), for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

## PRELIMINARY GENERAL DENIAL

Preliminarily, and to be clear, no one at Franciscan St. Margaret Health forcibly

removed the plaintiff's clothing, forcibly drew his blood or forcibly catheterized

him. At the request of local law enforcement, the plaintiff cooperated with a blood

draw in the Franciscan St. Margaret Health Emergency Department and attempted

to cooperate with a request for a urine sample. When, after trying for a reasonable

length of time, the plaintiff was unable to urinate, he voluntarily cooperated with

the use of a straight urinary tract catheter to obtain a urine sample, a procedure

which took less than one minute to complete.

---

[1]The correct name for the hospital in Dyer, Indiana is Franciscan St. Margaret Health – Dyer, an assumed business name of Franciscan Alliance, Inc.

**JURISDICTION AND VENUE**

1.    This action arises under the Indiana Constitution, the United States Constitution and applicable federal law; more particularly, under the provisions of Article 1, Sections 11 and 15 of the Indiana Constitution and under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983 and §1988.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

2.    This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

**ANSWER:** St. Margaret admits that Plaintiff purports to seek redress against alleged government actors for violations of the civil rights laws of the United States and that this Court has jurisdiction to hear those claims pursuant to 28 U.S.C.  §1343 and 42 U.S.C.  §1983.

3.    The claims made in this Complaint occurred and arose in the State of Indiana, in this District.  Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

**ANSWER:** St. Margaret does not dispute venue in this district, but denies that any act or omission on its party has given rise to any claim against it.

4.    Plaintiff seeks damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

**ANSWER:** St. Margaret denies that it has done, or failed to do, anything to cause damages to the Plaintiff.

5.      This Court has authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

6.      This Court also has jurisdiction over any pendent state claims Plaintiff may wish to bring, or has brought, pursuant to 28 U.S.C. §1367.

**ANSWER:** St. Margaret denies that this Court has subject matter jurisdiction over any claims against it.

### PARTIES

7.      Plaintiff, William B. Clark ("Plaintiff"), is a citizen of the United States of America; and a resident of the State of Indiana.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      At the time the acts occurred, upon which this Complaint is based, Plaintiff was residing in Schererville, Indiana.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant, Matthew Djukic ("Officer Djukic") at all times relevant herein, was a Police Officer employed by the Town of Schererville, Indiana.

**ANSWER:** St. Margaret admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant, Damian Murks ("Officer Murks") at all times relevant herein, was a Police Officer employed by the Town of Schererville, Indiana.

**ANSWER:** St. Margaret admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Officer Murks and Officer Djukic are collectively referred to herein as "the Defendant Police Officers."

**ANSWER:** This paragraph of Plaintiff's Complaint does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that this paragraph is intended to or is construed to contain any allegations against St. Margaret, they are denied.

12.     This action is brought against each of these officers in their individual and official capacities.

**ANSWER:** This paragraph of Plaintiff's Complaint does not appear to contain an allegations against St. Margaret so no answer is provided. To the extent that this paragraph is intended to or is construed to contain any allegations against St. Margaret, they are denied.

13.     The Defendant Police Officers' authority to act derives from the Indiana State law and/or the commands and directives of their superiors.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

14.     All of the acts of the Defendant Police Officers, hospital staff, and entities listed herein were performed under color of the laws, statutes, ordinances, regulations, policies,

customs, and usages of the Town of Schererville and each said individual or entity is liable pursuant to 42 U.S.C. §1983.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 14 of Plaintiff's Complaint as they relate to St. Margaret. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    When the facts upon which this Complaint is based occurred, the Defendant Police Officers were acting in their official capacity for, and in behalf of, the Town of Schererville.

**ANSWER:** St. Margaret admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant, Town of Schererville, is a municipal corporation domiciled within and owing its existence to the laws of the State of Indiana.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Franciscan Alliance, Inc., doing business as or operating St. Margaret Mercy Hospital, is an Indiana state corporation, and the hospital is located in Lake County, State of Indiana.

**ANSWER:** Franciscan Alliance, Inc. admits that it is an Indiana not-for-profit corporation and that it does business under an assumed business name of Franciscan St. Margaret Health. Franciscan Alliance, Inc. admits that Franciscan St. Margaret Health is located in Lake County, Indiana. Franciscan Alliance, Inc. denies the remaining allegations of this paragraph of Plaintiff's Complaint.

## STATEMENT OF FACTS

18.     Plaintiff has pendent state claims present in the Complaint.

**ANSWER:** St. Margaret admits Plaintiff asserts state law claims in the Complaint. St. Margaret denies the veracity of Plaintiff's claims.

19.     Plaintiff served a Notice of Tort Claim required by Indiana law on November 14, 2012, by serving the Schererville Town Council, the Police Chief of the Town of Schererville, and the Indiana Political Subdivision – Risk Management Commission with a notice compliant with I.C. 34-13-3-1 et. seq.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     All events relevant to this action occurred within Lake County, State of Indiana.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     On or about the evening of May 20, 2012, Plaintiff was driving a vehicle eastbound on U.S. 30 near the intersection of S.R. 41, in Schererville, Indiana.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     In addition to Plaintiff, there was one other occupant in the vehicle, identified as Alyssa Madson.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     On the day in question, Plaintiff drove the Vehicle to pick up another friend who had called Plaintiff requesting a ride home from another location.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     At approximately 11:00 PM., Officer Djukic of the Schererville Police Department allegedly observed the vehicle driving erratically.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Officer Djukic initiated a traffic stop and began interrogating Plaintiff and seeking information and identification.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Officer Murks also responded to the scene; each arriving separately, and in their own police vehicles.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Officer Djukic claims he immediately detected the "moderate" odor of alcohol in the Plaintiff's Vehicle.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Officer Djukic then asked the Plaintiff to submit to Field Sobriety Tests, and, thereafter, a Portable Breathalyzer Test.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The Defendant Police Officers then proceeded to conduct a K-9 search of the passenger compartment of the vehicle using Djukic's canine, Baron, to conduct an interior sniff of the vehicle.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Although an exterior search of the vehicle by the K-9 was permissible, Officer Djukic's efforts to place the K-9 unit within the vehicle constituted an illegal search of the vehicle.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Officer Djukic falsely claims that Plaintiff's results on the Portable Breathalyzer test exceeded the legal limit of 0.08, saying in his report that "Clark registered a .11".

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Upon information and belief, Plaintiff asserts that no proof exists that his Portable Breathalyzer test was .11, and that such proof, if in fact it did ever exist, would preclude any need for further searches and seizures of Plaintiff's person and bodily fluids, including his urine and blood.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Plaintiff filed a Motion for Discovery in 2012, and the Town failed to provide proof that the Portable Breathalyzer Test was in fact .11.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.	After detaining the Plaintiff for approximately 30-45 minutes, the Defendant Police Officers then transported Plaintiff to St. Margaret Mercy Hospital in Officer Djukic's squad car.

**ANSWER:** St. Margaret admits that Plaintiff was transported to St. Margaret in police custody. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.	The Plaintiff submitted to a blood draw at St. Margaret Mercy Hospital while in the custody of Djukic and Murks, and Plaintiff's BAC was found to be 0.073 by blood screen, below the legal limit to operate a motor vehicle, 0.08.

**ANSWER:** St. Margaret admits Plaintiff consented to having blood drawn after being brought into the hospital by officers Djukic and Murks. St. Margaret admits Plaintiff's serum alcohol level was 0.073. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.	Following the collection of Plaintiff's blood, Officer Djukic or Murks instructed Plaintiff to provide a urine sample.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.	After allowing the Plaintiff to drink a cup of water for several minutes, to provide a "voluntary" urine sample to the Defendant Police Officers, Officer Djukic became impatient with Plaintiff's inability to urinate.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Upon Plaintiff's request for a second glass of water, the Defendant Police Officers undertook an effort to forcibly obtain Plaintiff's urine, without consent or a search warrant.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Officer Djukic physically restrained Plaintiff on a bed while nursing personnel at St. Margaret Mercy Hospital inserted a Foley catheter into Plaintiff's penis to extract Plaintiff's urine.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 39 of Plaintiff's Complaint

40.     At approximately 1:00 AM, upwards of two hours after Plaintiff's initial contact with the Defendant Police Officers, Officer Djukic and St. Margaret Mercy Hospital staff, without Plaintiff's consent or a "bodily fluids" search warrant, forcibly extracted Plaintiff's urine.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Plaintiff was transported to the Franciscan Alliance, Inc.'s "St. Margaret Mercy Hospital" ("the Hospital") for the purpose of providing his "bodily fluids" pursuant to Indiana's Implied Consent laws.

**ANSWER:** St. Margaret admits that Plaintiff was transported to St. Margaret for the purpose of providing bodily fluids. St. Margaret is without information or knowledge sufficient

to form a belief as to the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Plaintiff was unable to urinate within the time allotted by Officer Djukic.

**ANSWER:** St. Margaret admits that Plaintiff had difficulty urinating, but denies the remaining allegations in Paragraph 42.

43. Plaintiff was unable to urinate because of Officer Djukic's and/or Officer Murks' actions, in that they were causing him to feel uncomfortable and nervous.

**ANSWER:** St. Margaret admits that Plaintiff had difficulty urinating, but denies the remaining allegations contained in Paragraph 43.

44. Officer Djukic and/or Officer Murks, working with hospital personnel and restraining Plaintiff, the nurse employed by Franciscan Alliance, Inc. physically removed Plaintiff's belt, unbuttoned his pants, unzipped his zipper, pulled down his pants and underwear, and exposed Plaintiff's penis

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. The nurse then forcibly inserted a catheter into Plaintiff's penis.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Plaintiff loudly moaned in pain as the catheterization process began.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. The contents of Plaintiff's bladder were then emptied into a cup.

**ANSWER:** St. Margaret admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     These actions were painful, degrading and humiliating, done against Plaintiff's will, and without a proper warrant, irrespective of any alleged probable cause.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     After the Plaintiff's forced extraction, Officer Djukic or Officer Murks handcuffed Plaintiff, returned Plaintiff to a police vehicle, and transported Plaintiff to Lake County Jail.

**ANSWER:** St. Margaret denies a forced extraction occurred. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Plaintiff was booked into jail on a charge of Operating While Intoxicated and four (4) related citations including speeding, following too closely, failing to signal a turn, and an open container violation.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Officer Djukic's official police report fails to note that Plaintiff was forcibly catheterized to collect a urine sample.

**ANSWER:** St. Margaret denies a forced catheterization occurred. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Plaintiff requested a copy of his medical records from the night of May 19, 2012, from Franciscan Alliance, Inc.

**ANSWER:** St. Margaret admits the allegations contained in Paragraph 52 of Plaintiff's complaint.

53.     Franciscan Alliance, Inc. has no record of Plaintiff's consent to the placement of a catheter into his penis and bladder for testing his urine for a controlled substance.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## 42 U.S.C. § 1983

54.     Section 42 U.S.C. § 1983 provides in pertinent part as follows:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, and citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

## 42 U.S.C. § 1988

55.     Section 42 U.S.C. § 1988(b) provides in pertinent part as follows:  "In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of

this title, title IX of Public Law 92-318 (20 U.S.C. 1681 et seq.), the Religious Freedom Restoration Act of 1993 (42 U.S.C. 2000bb et seq.), title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs…"

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

## **FIRST CAUSE OF ACTION**

56. The allegations contained in the above paragraphs are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-55 as its answer to Paragraph 56.

57. The Defendant Police Officers, acting under color of law and pursuant to their authority as police officers, seized and searched Plaintiff's person and effects without his permission or a properly obtained "bodily fluids" warrant, and without exigent circumstances.

**ANSWER:** St. Margaret is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Specifically, the above captioned Defendants violated Plaintiff's Constitutional rights to be secure in his person and effects as follows:

a. Officer Djukic's act of placing the K-9 unit into the interior of the vehicle constitutes an unnecessary intrusion and a redundant exercise at the expense of the Plaintiff. The reason K-9 units are used in exterior sniffs is because they are non-

intrusive in nature and take merely seconds to conduct. A Plaintiff does not have a reasonable expectation of privacy in the odor emanating from his property, but he does have a reasonable expectation of privacy of the interior portion of his vehicle. Unless permission is granted, or probable cause is obtained, a K-9 unit cannot enter the interior of a vehicle without a warrant. Plaintiff, despite Officer Djukic's claims, did not consent.

b.      The "bodily fluids" obtained by the Defendant Police Officers were collected without a warrant, and by forcibly inserting a catheter into Plaintiff's penis.

c.      The Defendant Police Officers caused a urine specimen to be extracted from Plaintiff against Plaintiff's will and without permission, and without obtaining a proper search warrant.

**ANSWER:** St. Margaret denies that Plaintiff was forcibly catheterized or that he was uncooperative with the catheterization. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.      The actions of the Defendant Police Officers caused Plaintiff to suffer grievous bodily degradation, humiliation and pain, and deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures, in violation of the Bill of Rights of Indiana's Constitution and the Fourth and Fourteenth Amendments of the U.S. Constitution.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.      The Defendant Police Officers knew that their actions violated Plaintiff's right to be free from unlawful searches and seizures, but still proceeded to violate his rights anyway.

**ANSWER:** St. Margaret denies the allegations of Paragraph 60 of Plaintiff's Complaint to the extent that they relate to anything that occurred at St. Margaret. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     As a direct and proximate result of the malicious and outrageous conduct of the above captioned Defendants, Plaintiff has suffered significant injuries and damages including, but not limited to, severe physical, mental and emotional anguish.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     The multiple and egregious violations of Plaintiff's right are actionable under 42 U.S.C. §1983, and he is entitled to judgment against the above captioned Defendants, jointly and severally, for damages in an amount to be established at trial.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Plaintiff is entitled to attorney's fees and costs against the above captioned Defendants, jointly and severally, under 42 U.S.C. §1988.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Further, the acts of the above captioned Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

*(Use of Excessive Force – Violation of the Fourth Amendment*
*Cognizable Under 42 U.S.C. §1983)*

65.     The allegations contained in the above Paragraph are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-64 as its answer to Paragraph 65.

66.     Courts analyze Fourth Amendment excessive force claims under the framework established by the Supreme Court in *Graham v. Connor,* 490 U.S.C. 389 (1989).  The basic test under Graham is one of objective reasonableness.  This requires courts to balance "the nature and quality" of the intrusion on the "individual's Fourth Amendment interests" against the "countervailing governmental interests at stake."  In order for an officer's conduct to amount to excessive force, the conduct must be reckless as opposed to merely negligent.  The Plaintiff asserts the Defendant Police Officers were reckless in this case based on the following information:

a.     The Defendant Police Officers had already obtained both a portable breath sample and a voluntary blood sample from Plaintiff.

b.     Despite a lack of need for additional bodily fluids, Plaintiff was forcibly catheterized after asking for additional water and time to submit a voluntary urine sample.

c.     Officer Djukic made subsequent material misrepresentations in his report in an effort to cover up the "bodily fluids" collection by forcible catheterization.

d.     Additionally, after Plaintiff could not comply by voluntarily providing a urine sample at the Hospital, the Defendant Police Officers immediately restrained him on a

bed and resorted to forced catheterization at the Hospital in an effort to obtain Plaintiff's "bodily fluids".

e.    Additionally and very concerning to Plaintiff is that the Hospital does not have record of Plaintiff's consent to this procedure being administered on Plaintiff, nor is there any information that the "nurse" who administered the procedure noted the Defendant Police Officers forcibly restrained Plaintiff.  It is unknown whether this "nurse" noted the restraint, or if she objected to conduct this type for the procedure.

**ANSWER:** St. Margaret denies that it participated in any way in a forced catheterization of the Plaintiff. St. Margaret denies that its emergency department nurse or any other personnel of St. Margaret did anything inappropriate with respect to the Plaintiff. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    The Tenth Circuit Court of Appeals has held, "we consider the forceful use of the catheter to obtain bodily fluid to be a *gross personal indignity.*" *Yanex v. Romero,* 619 F.2d 851, 854 (10th Cir. 1980) emphasis added); and the Seventh Circuit Court of Appeals has only affirmed warrantless forced catheterization to assure a detainee's well-being, but not to compile evidence.  *Sullivan v. Bornemann*, 384 F.3d 372 (7th Cir. 2004).

**ANSWER:** St. Margaret denies that it participated in any way in a forced catheterization of the Plaintiff. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.    The Defendant Police Officers' submission of inaccurate, incomplete and misleading reports, and failing to obtain a bodily fluids search warrant, yet insistence upon obtaining a urine sample from Plaintiff by forced catheterization was patently unreasonable.

**ANSWER:** St. Margaret denies a forced catheterization occurred. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     The violation of Plaintiff's rights is actionable under 42 U.S.C. §1983, and he is entitled to judgment against the above captioned Defendants, jointly and severally, under that section for damages in an amount to be established at trial, plus costs and attorney's fees pursuant to 42 U.S.C. §1988.  The actions of the above captioned Defendants as set forth above were intentional, wanton, malicious, and/or oppressive, thus entitling Plaintiff to an award of punitive damages.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
*(Failure to Intervene – Violation of the Fourth Amendment*
*Cognizable Under 42 U.S.C. §1983)*

70.     The allegations contained in the above paragraphs are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-69 as its answer to Paragraph 70.

71.     Plaintiff has a right under the Fourth Amendment of the United States Constitution to be free from the use of inappropriate force by agents of the State, and particularly by the police.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the

extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

72.     Officers who witness a violation of these rights are obligated to intervene to prevent the violation.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

73.     Officer Murks was present at the Hospital when the incident herein described, and either used inappropriate force against Plaintiff, or failed to take reasonable steps to protect Plaintiff from being subjected to the use of inappropriate force.

**ANSWER:** St. Margaret denies force was used at St. Margaret. St. Margaret is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraphs 73 of Plaintiff's Complaint.

74.     The actions of each of the individual above captioned Defendants, as described herein, violated Fourth Amendment rights and duties the above captioned Defendants owed to Plaintiff.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     As a direct and proximate result of the above captioned Defendants' violation of Plaintiff's rights, and the duties they owed to Plaintiff, Plaintiff was injured as set forth herein, and is thus entitled to compensatory and punitive damages, attorney's fees, court costs, and all other relief deemed appropriate by the Court.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
*(Failure to Train and Supervise Cognizable Under 42 U.S.C. §1983)*

76.     The allegations contained in the above paragraphs are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-75 as its answer to Paragraph 76.

77.     Defendants Town of Schererville, The Schererville Police Department, are each considered a "person" for purposes of an action brought pursuant to 42 U.S.C. §1983.

**ANSWER:**     This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

78.     The Town of Schererville may therefore be sued directly for the actions of the Schererville Police Department and its officers acting under the color of their authority, as well as for its own actions, for monetary, declaratory, or injunctive relief for its unconstitutional policies, customs, supervision, or practices that violated Plaintiff's constitutionally protected rights.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided.  To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

79. A 42 U.S.C. §1983 claim may be asserted against a county or city based upon allegations of negligence in hiring, training, and/or supervising its employees.

**ANSWER:** This paragraph of Plaintiff's Complaint contains a legal conclusion and does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

80. At all times relevant to this Complaint, the Defendant police officers, as employees of the Town of Schererville and/or the Schererville Police Department respectively, were acting under the direction and control of the Town or Police Department, which municipalities in turn acted through, and were responsible for, the Defendant police officers.

**ANSWER:** This paragraph of Plaintiff's Complaint does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that this paragraph is intended to or is construed to contain allegations against St. Margaret, they are denied.

81. The Town of Schererville and/or the Schererville Police Department failed to adequately train, educate and supervise employees such as the Defendant police officers with respect to appropriate search and seizure processes and appropriate use of force, thereby creating an atmosphere that fomented illegal and unconstitutional behavior such as the behavior outlined herein, in reckless disregard for the welfare of the public at large, and in this instance, specifically for Plaintiff.

**ANSWER:** This paragraph of Plaintiff's Complaint does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

82. Upon information and belief, the Town and/or the Police Department have failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including but not limited to complaints regarding *the inappropriate forced use of a catheter*, thereby creating a policy, custom, practice, or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, in deliberate indifference and reckless disregard for the rights of the public at large, and in this instance, specifically for the Plaintiff.

**ANSWER:** St. Margaret denies that plaintiff was forcibly catheterized. The remaining allegations of this paragraph of Plaintiff's Complaint do not appear to be directed against St. Margaret so no answer is provided. To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

83. The violation of Plaintiff's rights is actionable under 42 U.S.C. §1983, and Plaintiff is entitled to judgment against the Town of Schererville and/or the Schererville Police Department in an amount to be established at trial, including costs and attorney's fees pursuant to 42 U.S.C. §1988, for the actions taken by the Defendant police officers for whom each municipality is responsible.

**ANSWER:** This paragraph of Plaintiff's Complaint does not appear to contain any allegations against St. Margaret so no answer is provided. To the extent that the allegations of this paragraph are directed towards or are construed to be directed towards St. Margaret, they are denied.

## FIFTH CAUSE OF ACTION
### *(Violation of Procedural Due Process)*

84.     The allegations contained in the above paragraphs are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-83 as its answer to Paragraph 84.

85.     To violate a person's right to procedural due process, the Plaintiff must show that the Plaintiff's constitutionally protected right to life, liberty, or property have been taken without due process of law.

**ANSWER:** Plaintiff's rhetorical Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, St. Margaret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical Paragraph 85 of the Compliant, and therefore deny the same.

86.     Plaintiff's constitutionally protected rights were taken during the course of the events outlined herein.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Plaintiff was taken to Franciscan Alliance, Inc.'s hospital where Plaintiff was forcibly catheterized.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Plaintiff's urine was forcibly taken.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     The use of force to take Plaintiff's urine was baseless, illegal and not justified.

**ANSWER:** St. Margaret denies that any forced was used and denies the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION
*(Assault and Battery- Failure to Train)*

90.     The allegations contained in the above paragraphs are incorporated herein by reference.

**ANSWER:** St. Margaret realleges and incorporates by reference answers to Paragraphs 1-89 as its answer to Paragraph 90.

91.     Plaintiff was admitted to Franciscan Alliance Inc.'s St. Margaret Mercy Hospital for the purpose of voluntarily submitting bodily fluids not being forcibly catheterized.

**ANSWER:** St. Margaret admits that Plaintiff was transported to Franciscan St. Margaret Health – Dyer for the purpose of voluntarily submitting bodily fluids which is exactly what occurred. St. Margaret denies the remaining allegations of this Paragraph of Plaintiff's Complaint.

92.     Plaintiff's admission to the hospital was pursuant to the order and authority of Officer Djukic.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Plaintiff was forcibly catheterized while in the hospital, by an employee or agent of Franciscan Alliance, Inc.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Plaintiff was informed that no records of Plaintiff ever having consented to the catheterization procedure during the relevant time period.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. In addition to Defendant Police Officer's conduct, Plaintiff's injuries are also a direct result of Franciscan Alliance's employee's or agent's physical assault and/or Franciscan Alliance's negligent failure to properly record his consent, document the forced nature of the procedure, and to refuse participation in the assault.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Plaintiff is entitled to damages as a result of the humiliation, pain, injuries and suffering he endured at the hands of the hospital's agent or employee; and for its complete failure to follow the established policies and procedures associated with the admission, procedure, and analysis that was conducted.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendant Hospital, by and through its agent or employee, has touched Plaintiff in a rude and insolent manner, and should answer in damages for forcing Plaintiff to undergo a medical procedure without consent.

**ANSWER:** St. Margaret denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, Franciscan Alliance Inc., d/b/a St. Margaret Mercy Hospital, respectfully requests that the claims against it are dismissed with prejudice, that the

Court deny all relief sought by Plaintiff in his Complaint, that Defendant receive judgment in its favor, and that Defendant recover its attorneys' fees and costs and further relief as may be just and appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against St. Margaret are barred because St. Margaret  is immune from civil and criminal liability for the acts alleged pursuant to I.C. 9-30-6-6(b).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against St. Margaret are barred because Plaintiff consented to all actions taken by St. Margaret personnel, as a matter of law, by operating a motor vehicle on a public roadway. I.C. 9-30-6-6.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted, to the extent that it purports to set forth a claim for civil rights violations against St. Margaret.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to Indiana Code § 34-18-8-4, this Court lacks subject matter jurisdiction over Plaintiff's claims against St. Margaret.

## JURY DEMAND

St. Margaret demands trial by jury.

## COUNTERCLAIM FOR ABUSE OF PROCESS
## AND FOR FILING FRIVOLOUS LITIGATION

Counterclaimant, Franciscan Alliance Inc. d/b/a St. Margaret Mercy Hospital ("St. Margaret"), or their counterclaim against William B. Clark ("Clark"), state:

1.      St. Margaret, is an Indiana not-for-profit corporation engaged in providing healthcare services in the State of Indiana, County of Lake.

2.      On information and belief, Clark resided in Indiana.

3.      On May 18, 2012, at approximately 11:44 pm, Clark was brought to St. Margaret by Schererville Police Officers Matthew Djukic ("Officer Djukic") and Damian Murks ('Officer Murks') for serum alcohol level testing and drug testing of his urine.

4.      Clark cooperated with a blood draw and blood was taken without incident by an ER Nurse.

5.      Officer Djukic and Officer Murks then asked Clark to provide the urine sample for urinalysis.

6.      After drinking several cups of water and several trips to the bathroom to attempt to urinate, Clark agreed to the use of a straight catheter.

7.      Clark voluntarily removed his clothing.

8.      At approximately 2:15 a.m. the Emergency Department nurse catheterized Clark, collected the urine and removed the catheter in under a minute, collecting approximately 50 ccs of urine.

9.      At no point was Clark forced to submit to testing against his will.

10.     Clark was never physically restrained by officers while in the St. Margaret Emergency Department.

11.     Clark was not forcibly catheterized.

12.     Clark was discharged from the Emergency Department into police custody at approximately 3:00 a.m.

13.     Clark signed his discharge instructions.

14.     According to the public records of the Schererville Town Court, on May 18, 2012, Clark was charged with operating a vehicle while intoxicated, operating a vehicle with a controlled substance in his blood, endangering a person, unsafe lane change and speeding.

15.     The charges noted in Paragraph 14 are currently pending.

16.     Clark was subsequently charged, in a separate incident, for operating a vehicle while intoxicated on August 20, 2012, which resulted in a conviction.

17.     On May 9, 2014, Clark filed  his Complaint in this Court, alleging violations of constitutional, federal, and state laws on the part of St. Margaret and other named defendants.

## COUNT I- ABUSE OF PROCESS

18.     Counterclaimant incorporates by reference the allegations of paragraphs 1-17.

19.     Clark's Complaint against St. Margaret is based on a number of factual misrepresentations, without which there would be no basis for sustaining any claim against St. Margaret.

20.     Clark knows that the allegations in his Complaint against St. Margaret are false.

21.     Despite knowing the allegations are wholly fabricated, Clark and his counsel have filed his Complaint with the ulterior motive of attempting to influence his pending criminal cases that stem from the events that occurred on May 18th and May 19th of 2012 and August 20, 2012, and also to harm the reputation of St. Margaret and the other named Defendants.

22.     Clark's filing of the Complaint against St. Margaret was therefore a misuse, an abuse, and a misapplication of legal process for an end other than that which it was designed to accomplish.

23.     Clark's abuse of process was and continues to be done willfully, maliciously and with the intent to influence the outcome of his pending criminal cases and harm the reputation of St. Margaret and other named Defendants, thereby entitling St. Margaret to punitive damages.

24.     St. Margaret has been required to retain counsel and incur substantial attorneys' fees and expenses in defending against Clark's abuse of process.

WHEREFORE, St. Margaret demands judgment against Counterdefendant William B. Clark for compensatory and punitive damages, for attorneys' fees and litigation expenses, and for all other appropriate relief.

## COUNT II- VIOLATION OF INDIANA FRIVOLOUS ACTION STATUTE

25.     Counterclaimant incorporates by reference the allegations of paragraphs 1-24.

26.     Indiana Code § 34-52-1-1 provides in part:

(b)     In any civil action, the court may award attorney's fees as part of the costs to the prevailing party, if the court finds that either party:

(1)     Brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless;
(2)     Continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
(3)     Litigated the action in bad faith.

(c)     The award of fees under subsection (b) does not prevent a prevailing party from bringing an action against another party for abuse of process arising in any part on the same facts, but the prevailing party may not recover the same attorney's fees twice.

27.     Clark has violated I.C. 34-52-1-1(b)(1) by filing a complaint based upon outrageous, scandalous allegations that Clark has made up, are utterly false and that he knows are false.

28.     Clark filed his Complaint in bad faith in violation of subsection (b)(3) as he is simply lying about what transpired in the St. Margaret Emergency Department on May 18, 2012 and May 19, 2012.

29.     The filing and continuing pursuit of Clark's Complaint against St. Margaret is costly, vexatious, intended to influence the outcome of pending criminal charges and damage the reputation of St. Margaret and the other named Defendants and entitles St. Margaret to punitive damages.

30.     St. Margaret has been required to retain counsel and incur substantial attorneys' fees and expenses in defending against Clark's frivolous action.

WHEREFORE, St. Margaret demands judgment against Counterdefendant William B. Clark for compensatory and punitive damages, for attorneys' fees and litigation expenses, and for all other appropriate relief.

### JURY DEMAND

St. Margaret demands trial by jury.

Respectfully submitted,

KRIEG DEVAULT LLP

/s/ Steven P. Lammers
Robert A. Anderson Atty. No. 15359-71
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Phone: (219) 227-6104
randerson@kdlegal.com

Steven P. Lammers, Atty No. 26443-64
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Phone: (219) 227-6112
slammers@kdlegal.com

Attorneys for Defendant/Counterclaimant,
Franciscan Alliance Inc., d/b/a St. Margaret Mercy
Hospital


## CERTIFICATE OF SERVICE

I certify that on the 23rd day of June, 2014, I electronically filed the above and foregoing pleading or paper with the United States District Court for the Northern District of Indiana using the CM/ECF system which sent notification to counsel of record:

Patrick B. McEuen                              patrick@mceuenlaw.com
        *Counsel for Plaintiff*

Elizabeth A. Knight                            eknight@khkklaw.com
Lisa A. Baron                                  lbaron@khkklaw.com
David M. Austgen                               akapc@austgenlaw.com
        *Counsel for Defendants, Matthew Djukic,*
        *Damian Murks and Town of Schererville*


                              /s/Steven P. Lammers

KD_6295042_4.docx