# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM B. CLARK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-160-JTM-PRC |
| | ) | |
| MATTHEW DJUKIC, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Discovery Responses and Deposition of Plaintiff [DE 21], filed on October 2, 2014, by Defendant Franciscan Alliance, Inc. d/b/a St. Margaret Mercy Hospital (St. Margaret). Instead of responding to this motion, Plaintiff filed a Motion to Stay Discovery or for Protective Order [DE 25] on October 8, 2014. St. Margaret filed a response on October 10, 2014; Plaintiff did not file a reply.

Plaintiff alleges that on May 20, 2012, he was pulled over for erratic driving and eventually taken to St. Margaret's so a blood sample could be drawn to test his blood alcohol content. The test came back showing a blood alcohol content of 0.073%, just under the legal limit of 0.08%. Plaintiff alleges that the police then instructed Plaintiff to provide a urine sample. He refused. Plaintiff alleges that, without first obtaining a warrant, the police and hospital staff forcibly restrained Plaintiff and inserted a catheter through Plaintiff's penis and into his bladder so that they could get a urine sample. Plaintiff states that he is currently facing criminal charges for Operation of a Motor Vehicle with Controlled Substance in Body, a Class C Misdemeanor, resulting from the same stop.

St. Margaret, which is not a party to the related criminal case, has served Plaintiff with written discovery requests and has noticed a deposition. Plaintiff has not answered these requests and has refused to sit for a deposition. If Plaintiff answers these requests frankly, he will be

providing the Government with ammunition to use against him in the related criminal case. But if he invokes his Fifth Amendment right to not incriminate himself he will find himself undermining his civil case.

Plaintiff now asks that this case be stayed or that some sort of protective order be granted. Courts have an inherent authority to stay cases, and the Court, in its discretion, may stay civil proceedings when the interests of justice so require. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-51 (S.D. Ind. 2003) (citing *Benevolence Int'l Found. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002)). A stay of civil proceedings is sometimes appropriate to protect competing interests arising from parallel civil and criminal proceedings involving the same subject matter. *Nowaczyk v. Matingas*, 146 F.R.D. 169, 174 (N.D. Ill. 1993) (concerning discovery of civil defendants who were the subject of simultaneous criminal investigations); *Cruz v. County of DuPage*, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). The Constitution does not require this, however. *Benevolence*, 200 F. Supp. 2d at 938; *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)).

Courts in the Seventh Circuit have considered the following factors as a guideline:

> (1) the interest of the non-moving party in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the non-moving party of a delay;
>
> (2) the burden which any particular aspect of the proceedings may impose on the moving party;
>
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in pending civil and criminal litigation.

*Jones*, 216 F.R.D. at 451 (citing *Benevolence*, 200 F. Supp. 2d at 938 (citing *Nowaczyk*, 146 F.R.D. at 174)).

As for the interests of the non-moving parties, it does not appear that there is any specific inconvenience outside of the extra time required to resolve this case. St Margaret argues that this motion should have been brought earlier in this case, but makes no showing a stay would impose any particular burden on it. It also argues that the statute of limitations hasn't run and this case could have been brought after the criminal matter was resolved. This may be true, but, if anything, it shows that a stay would not be prejudicial since Plaintiff had the option of delaying this case unilaterally by filing it later than he did.

Regarding the second point, whether or not this stay is granted may be decisive to Plaintiff's case. Full responses to written discovery and frank answers to the sort of questions that will be asked at a deposition would hurt his chances in the related criminal case by making it much easier for the Government to prove certain crucial facts. On the other hand, failures to get certain things in the record could result in an adverse ruling on summary judgment in this case. Moreover, staying this case for a time does not put much burden on the courts, nor is it apparent that the interests of any outsiders are at stake. In short, Plaintiff would probably get a significant benefit in having this case stayed; Defendants stand to lose very little. Indeed, aside from St. Margaret, none of the Defendants have voiced any objection to the stay. And St. Margaret is a large institution—the sort of place that sues and gets sued often. A stay is less burdensome on it than it would be on a natural person for whom such a lawsuit would likely be a novel and more distressing, not to mention expensive,

experience. A stay costs St. Margaret money too, of course, but this cost is proportionably smaller.

In light of all this, the Court **GRANTS in part** the Motion to Stay Discovery or for Protective Order [DE 25] insofar as it seeks to stay this case. The Court **DENIES it in part as moot** insofar as it seeks a protective order. The Court **DIRECTS** the Clerk of Court to **STAY** this case. The Court **SETS** this matter for a telephonic status hearing on **May 14, 2015, at 9:15am** (CST). The Court **DENIES without prejudice** the Motion to Compel Discovery Responses and Deposition of Plaintiff [DE 21]. Should Plaintiff fail to cooperate in discovery once the stay is lifted, St. Margaret (or any other party) may, of course, make appropriate motions.

SO ORDERED this 25th day of November, 2014.

                                               s/ Paul R. Cherry
                                               MAGISTRATE JUDGE PAUL R. CHERRY
                                               UNITED STATES DISTRICT COURT

cc:     All counsel of record