## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM B. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14 CV 160 |
| | ) | |
| MATTHEW DJUKIC, | ) | |
| DAMIAN MURKS; | ) | |
| FRANCISCAN ALLIANCE, INC., | ) | |
| d/b/a St. Margaret Mercy Hospital, | ) | |
| and TOWN OF SCHERERVILLE, IN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Plaintiff William B. Clark alleges that, after a traffic stop, he consented to having his blood drawn at St. Margaret's Hospital while in the custody of Schererville police officers, to confirm his blood alcohol level. (DE # 1.) Clark further alleges that, after the blood draw, he was forcibly catheterized against his will so that officers could obtain a urine sample. (*Id.*) Clark sued, amongst others, Franciscan Alliance, Inc., the company doing business as St. Margaret's, for assault, battery, and failure to properly train its employees. (*Id.*)

### A.     Franciscan's Motion for Summary Judgment

Franciscan has moved for summary judgment on the claims (DE # 43), alleging that they sound in medical malpractice and therefore are barred because Clark failed to present his proposed claim to a medical review panel before filing the claim in court, as required by the Indiana Medical Malpractice Act (the "Act"), Ind. Code § 34-18-8-4.

"[S]ummary judgment is appropriate — in fact, is mandated — where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). However, in this case, Franciscan is not entitled to judgment as a matter of law. This case is clearly controlled by *Elliott v. Rush Memorial Hospital,* 928 N.E.2d 634, 640 (Ind. Ct. App. 2010), wherein the Indiana Court of Appeals held that a claim of forced catheterization to obtain a urine sample for law enforcement purposes is not a "malpractice" claim for purposes of the Act. The *Elliott* court reasoned: "Elliott's catheterization clearly was not for his own medical benefit. It was not related to any treatment he needed for any disease or injury, but was carried out solely for law enforcement purposes." *Id.*

Clark's claim of forced catheterization similarly falls outside of the purview of the Act, and is not barred for failure to submit the claim to a medical review panel. Therefore, Franciscan's motion for summary judgment is denied. Clark's motion to strike affidavits submitted by Franciscan in support of its motion for summary judgment (DE # 51) is denied as moot, as the affidavits are not necessary to decide the motion for summary judgment.

## B.    Clark's Motion to Dismiss

Clark has also moved to dismiss Franciscan's counterclaims alleging: (1) abuse of process, and (2) "frivolous litigation." (DE # 16.) Federal Rule of Civil Procedure 12(b)(6) requires the court to dismiss a complaint which fails to state a claim upon

which relief may be granted. A complaint must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In order to prevail on an abuse of process claim, Franciscan must prove that Clark used judicial processes for an end other than that for which it was designed. *Comfax Corp. v. North Am. Van Lines, Inc.,* 638 N.E.2d 476, 481 (Ind. Ct. App. 1994). For example, utilizing litigation to intimidate the other party into signing a contract constitutes abuse of process. *Archem, Inc. v. Simo,* 549 N.E.2d 1054, 1061 (Ind. Ct. App. 1990).

In this case, Franciscan's abuse of process claim is rooted in its contention that Clark is lying about being forcibly catheterized. However, this is a matter of credibility to be assessed by a fact-finder in Clark's case against Franciscan. Franciscan also claims that Clark seeks to influence pending criminal charges and harm the reputation of St. Margaret's with this lawsuit. However, these allegations are speculative and conclusory, and Franciscan states no further facts to plausibly suggest that Clark has used the judicial process in this case for any end other than to recover damages against Franciscan for assault, battery, and failure to train its employees. Accordingly, the abuse of process claim is dismissed.

Franciscan's claim of "frivolous litigation" is also meritless. Through this claim, Franciscan simply requests attorneys' fees pursuant to Indiana Code § 34-52-1-1, which permits fees to the prevailing party if the action was frivolous, unreasonable, or

groundless or was litigated in bad faith. However, Section 34-52-1-1 is inapplicable in federal court, *Williams v. State Farm Ins. Co.,* No. 2:09-CV-177-PPS, 2011 WL 2111988, at *2 (N.D. Ind. May 26, 2011), so the claim is dismissed.

For the foregoing reasons, Franciscan's motion for summary judgment is **DENIED** (DE # 43); Clark's Rule 56 motion to strike is **DENIED as moot** (DE # 51); and Clark's motion to dismiss is **GRANTED** (DE # 16).

**SO ORDERED.**

Date: March 31, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT