# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM B. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14 CV 160 |
| | ) | |
| FRANCISCAN ALLIANCE, INC., | ) | |
| d/b/a St. Margaret Mercy Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

On June 4, 2018, plaintiff William B. Clark filed a notice of settlement with defendants Matthew Djukic and the Town of Schererville. (DE # 73.) Following the notice, the court issued an order dismissing those defendants. (DE # 74.) Now, Franciscan Alliance, Inc. ("Franciscan") is the only defendant remaining in the case. The case is set for trial on August 20, 2018. (DE # 71.)

The matter is now before the court on Franciscan's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (DE # 75.) A motion to dismiss under Rule 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. A party may challenge the court's subject-matter jurisdiction at any time. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 699 (7th Cir. 1976). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Initially, this court's jurisdiction was based on a federal question. Plaintiff stated federal claims against defendants Matthew Djukic, Damian Murks, and the Town of Schererville, giving this court subject-matter jurisdiction under 28 U.S.C. § 1331. (*See* DE

# 1.) Additionally, plaintiff brought state-law claims against Franciscan for assault, battery, and failure to properly train its employees. (*Id.* at 15–16.) The court had supplement jurisdiction over those state-law claims pursuant to 28 U.S.C. § 1367(a).

After the recent dismissal, however, all of the defendants subject to the federal claims have been dismissed from the case. With the federal claims resolved, only the state law claims against Franciscan remain. In its motion, Franciscan asks the court to "relinquish jurisdiction and dismiss [the] state law claims." (DE # 76 at 3.)

The supplemental jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The court has broad discretion in making this decision. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims."). Furthermore, there is a "presumption" that courts will relinquish jurisdiction over supplemental state-law claims where the federal claims drop out of the case. *Id.* at 479. "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.*

The Seventh Circuit has identified three situations that may displace the presumption, namely:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Sharp Elecs. Corp v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). Neither party argues that either the first or third exceptions should apply here. Nevertheless, regarding the first exception, defendant correctly points out that plaintiff may refile this action in state court pursuant to 28 U.S.C. § 1367(d) and Indiana Code § 34-11-8-1.

As to the third exception, the court notes that it has not yet addressed the merits of the state-law claims. Other than discovery rulings, the court has entered two orders pertaining to the state-law claims: (1) an order denying summary judgment based solely on the court's finding that the Indiana Medical Malpractice Act does not apply (DE # 64), and (2) an order excluding an expert opinion as unreliable (DE # 65). The court did not reach the underlying substance of the state-law claims, and, therefore, it is not absolutely clear how those claims will be decided.

Plaintiff's argument focuses on the second exception, pertaining to judicial resources and the potential for duplication of judicial effort. As stated above, the court has issued only two non-discovery orders on the state-law claims. Plaintiff argues that the court *did* invest substantial judicial efforts in issuing those orders, specifically the order excluding expert testimony. (DE # 77 at 3.) But, in reality, they were relatively short orders. The expert order was only six pages in length (DE # 65), and even Franciscan's motion for summary judgment was disposed of by the court in only two

pages (DE # 64 at 1–2). The amount of resources devoted to those orders is unlike the efforts expended in *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722 (7th Cir. 2001), in which the Seventh Circuit reversed a district court's decision to relinquish jurisdiction where the lower court had held 9 hearings and issued 19 orders, including a 71-page decision. Furthermore, as noted above, none of the orders in the case at hand delve into the merits of the state-law claims. *See RWJ Mgmt. Co., Inc.*, 672 F.3d at 481 (affirming relinquishment of jurisdiction where "the extensive pretrial activity was largely attributable to discovery disputes, not the merits of the state-law claims"). Accordingly, the court finds that it has not committed substantial judicial resources to resolving the state-law claims.

Plaintiff also argues that the court should retain jurisdiction because the trial date is less than a month away. (DE # 77 at 3–4.) But this relative proximity to trial is not enough to rebut the presumption of relinquishment. *RWJ Mgmt. Co., Inc.*, 672 F.3d at 481 (affirming a district court's decision to relinquish jurisdiction two business days before a two-week trial was set to begin).

Additionally, the court is not required to retain jurisdiction due to the length of time this case has been under its jurisdiction. Although this case was filed over four years ago, the Seventh Circuit has upheld an order relinquishing jurisdiction "just before trial after five years of discovery." *Olive Can Co., Inc. v. Martin*, 906 F.2d 1147, 1153 (7th Cir. 1990). Moreover, the question of whether or not to retain supplemental jurisdiction did not arise until the other defendants were dismissed less than two months ago.

For these reasons, the court concludes that the second exception to the presumption does not apply. This is not a relinquishment that would "clearly disserve[ ]" judicial economy. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F. 3d 904, 906 (7th Cir. 2007).

Plaintiff also argues, separately, that the court should deny Franciscan's motion "[i]n fairness to the litigants." (DE # 77 at 4.) The court disagrees that ignoring the presumption of relinquishment would be "fair" to the parties. On the contrary, granting the motion to dismiss is fair to the parties since it will prevent this court from intruding into areas of state law where Indiana courts have relative expertise.

Lastly, plaintiff argues that dismissal is not proper because the case still "retains a federal element." (DE # 77 at 4.) It is not entirely clear what plaintiff means by this, but it seems he is implying that by retaining jurisdiction, this court could assist in the development of federal case law regarding forced catheterizations. Regardless, this does not change the fact that there are no pending federal claims in this case. If this court were to retain jurisdiction, it would simply be applying Indiana state law.

For the foregoing reasons, the court finds no reason to rebut the presumption of relinquishment of jurisdiction. Accordingly, the motion to dismiss (DE # 75) is **GRANTED**, the court **DECLINES** to exercise supplemental jurisdiction, and the remaining claims are **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

Date: July 31, 2018

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT